RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SCOTT S. KANYOK,                                                                08 CV 6313

      Plaintiff,                                                         COMPLAINT

   -against-

METROPOLITAN LIFE INSURANC COMPANY,

      Defendant.
------------------------------------------------------------------X

   Plaintiff Scott S. Kanyok, by his attorneys Riemer & Associates LLC, complaining of defendant, alleges:

   1.  This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.*, to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

   2.  This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

   3.  Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Bank of America Long Term Disability Benefits Plan (the "Plan").

5. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, Metropolitan Life Insurance Company ("MetLife") is and has been the claims administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A); and is and has been a fiduciary under the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. The benefits under the Plan are funded by Group Policy No. 34701-G issued by MetLife.

8. Plaintiff was employed as a financial advisor at Bank of America ("BOA").

9. As an employee of BOA, plaintiff was entitled to participate in the Plan.

10. On January 4, 2005, plaintiff was rendered totally disabled within the meaning of the Plan as a result of back pain, brachial neuropathy and degenerative disc disease.

11. Benefits were paid under the Plan from July 5, 2005 through July 5, 2007, but then benefits were discontinued by MetLife.

12. Plaintiff appealed MetLife's discontinuation by letter dated July 16, 2007 and by subsequent supplemental letters.

13. By letter dated April 2, 2008, MetLife denied plaintiff's appeal.

14. Plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

15. Under the terms of the Plan, a disabled participant is long term disability benefits in accordance with the Plan until age 65.

16. From January 4, 2005, plaintiff has been totally disabled within the meaning of the Plan.

17. From January 4, 2005, plaintiff has not worked and has had no earnings.

18. MetLife's termination of plaintiff's benefits is contrary to the terms of the Plan, contrary to the medical evidence, unreasonable, and an abuse of discretion.

19. MetLife has a conflict of interest in that it serves in the dual role of both deciding benefit claims and paying benefits.

20. Upon information and belief, MetLife's determination of plaintiff's claim for benefits was affected by its conflict of interest.

21. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

22. Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 above.

23. By reason of MetLife's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against MetLife:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Declaring pursuant to 28 U.S.C. §2201(a) that MetLife is obligated to pay plaintiff long term disability benefits in the future as required by the terms of the Plan;

C. Declaring pursuant to 28 U.S.C. §2201(a) that plaintiff is entitled to disability benefits under the "any occupation" phase of the Plan from July 5, 2007 to the date of judgment, together with interest thereon;

D. For the costs of this action and plaintiff's attorney fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

E. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
July 11, 2008

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

By: /s/
Scott M. Riemer (SR5005)